**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KEVIN WAYNE EWING,**

                      **Petitioner,**

            v.                         **CASE NO. 18-3023-SAC**

**STATE OF KANSAS,**

                      **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Because petitioner appears to challenge the execution of his sentence, the Court liberally construes this matter as a petition filed under 28 U.S.C. §2241.[1]

Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. The Court has screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases and enters the following findings and order.

**Background**

The Kansas Court of Appeals adopted the following factual background from briefing prepared by petitioner's counsel:

> On December 2, 1985, Kevin Ewing entered a guilty plea to one count of burglary, a class D felony. The district court ordered Mr. Ewing to serve an indeterminate sentence of not less than two years nor more than ten years. After Kansas enacted the Kansas Sentencing Guidelines Act (KSGA) on November 30, 1993, the Kansas Department of Corrections issued a Sentencing Guidelines Report in Mr. Ewing's case, finding that because Mr. Ewing had two prior person felonies

---

[1] *See Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010)(in the Tenth Circuit, "state prisoners…may bring § 2241 habeas petitions" to "challeng[e] the execution of their sentence.").

> and four prior nonperson felonies, that his sentence in the present case was not eligible to be converted to a determinate KSGA grid sentence.
>
> After the Kansas Supreme Court issued *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), Mr. Ewing filed a motion to correct illegal sentence, arguing that *Murdock* required that all of his prior offenses be reclassified as nonperson offenses, making him eligible for conversion [to] a determinate KSGA grid sentence. The district court summarily denied the motion, finding that K.S.A. 1993 21-4724(b)(1) controlled conversion to a KSGA grid sentence, not *Murdock*. Mr. Ewing filed a timely notice of appeal.

*State v. Ewing*, 369 P.3d 342 (Table), 2016 WL 1734911 (Kan.App. Apr. 29, 2016), *rev. denied*, Apr. 19, 2017.

Petitioner filed this application for habeas corpus following the decision of the Kansas Court of Appeals, which rejected his argument that his prior offenses should be classified as nonperson offenses and that his sentence should be converted to a determinate sentence under the KSGA.

The federal petition alleges the following grounds for relief:

Ground One: Finality, ineffective assistance, trial errors, concealment, substantial rights, miscarriage of justice.

Ground Two: Merger (res judicata), multiplicity.

Ground Three: Ex post facto challenge.

Ground Four: Equal protection, cruel and unusual punishment.

## Discussion

The Court first addresses petitioner's motion for the appointment of counsel. An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo.*

*Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). Rather, the court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(1)(2)(b).

The Court has considered the record and declines to appoint counsel in this matter, as the issues presented appear to be matters of state law, as explained below.[2]

A petition for habeas corpus provides a remedy for constitutional violations, and federal habeas corpus relief is not available to address alleged errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A petitioner cannot make a state law claim into a federal claim by merely labeling it as a due process claim. *See Gryger v. Burke*, 334 U.S. 728, 731 (1948). Instead, a petitioner must "include reference to a specific federal guarantee, as well as a statement of the facts that entitle [him] to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Likewise, "[a] state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011)(quoting 28 U.S.C. § 2254(b)(1)(A)).

---

[2] This does not prevent petitioner from seeking free assistance from organizations that provide legal assistance to Kansas prisoners.

"Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009)(quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)). In this context, "the crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012)(citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)).

Here, the Kansas Court of Appeals resolved petitioner's claims on state law grounds, applying state case law and discussing the application of Kansas state sentencing law. *State v. Ewing*, 2016 WL 1734911 *2. To the extent petitioner advances claims governed by state law, he is not entitled to relief.

Next, it does not appear that petitioner presented the constitutional claims he now advances as grounds for habeas corpus in the state courts, nor does the federal petition he filed provide the necessary factual support for the federal claims petitioner now asserts. To proceed in this action, petitioner must show that he presented the substance of his federal claims to the state courts in a manner sufficient to provide notice of the federal claims, and he must amend his petition to provide factual support for his federal claims.

Accordingly, the Court will direct petitioner to show cause why

this matter should not be dismissed. Petitioner may present an amended petition within the time allowed that includes factual support for his federal claims and identifies how the claims were presented in the state courts. The failure to respond within the time allowed may result in the dismissal of this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to proceed in forma pauperis (Docs. ##2, 3, and 5) are granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #4) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including **July 9, 2018,** to respond to this order.

**IT IS SO ORDERED.**

DATED:  This 8th day of June, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge